# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MELISSA MCCABE,

              Plaintiff,

v.

HEID MUSIC COMPANY, INC.,

              Defendant.

Case No. 23-CV-1215-JPS

**ORDER**

**1.    INTRODUCTION**

In March 2024, the Court granted Plaintiff Melissa McCabe's ("Plaintiff") motion for default judgment and entered both default judgment and permanent injunctive relief against Defendant Heid Music Company, Inc. ("Defendant") after finding Defendant liable for violating Plaintiff's rights under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq (the "ADA"). ECF Nos. 11, 12, 13. In its order granting Plaintiff's motion for default judgment, the Court acknowledged that the ADA authorizes courts to "award 'a reasonable attorney's fee, including litigation expenses, and costs,'" and so authorized Plaintiff to submit a petition for fees and costs. ECF No. 11 at 17–18 (quoting *Lange v. City of Oconto*, 28 F.4th 825, 849 (7th Cir. 2022)). Plaintiff did so, and her unopposed[1] motion for fees and costs is now before the Court. For the reasons discussed herein, the Court will grant the motion in part and

---

[1]Plaintiff certifies that her motion for fees and costs, and accompanying documents, were served on Defendant by mail at its business address. ECF No. 15 at 14; ECF No. 14-1 at 10; ECF No. 14 at 2. Defendant did not oppose the motion within the time allotted. Civ. L.R. 7(b) (allowing twenty-one days from service of a motion in which to file any opposition thereto).

conclude that Plaintiff is entitled to recover from Defendant a total of $22,692.50 in attorney's fees and $697 in costs.

**2.     LAW AND ANALYSIS**

The ADA authorizes courts, in their discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The first question, therefore, is whether the fee movant is a "prevailing party." A 'prevailing party" is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties brought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)); *Miller v. Ill. DOT*, No. 07-CV-677-SCW, 2014 U.S. Dist. LEXIS 40516, at *3–4 (S.D. Ill. Mar. 26, 2014) (applying *Hensley* prevailing party standard in ADA § 12205 context). There is no question that Plaintiff is a prevailing party for purposes of § 12205; she moved for, and was granted, both default judgment and permanent injunctive relief against Defendant.

The next question is whether the fees and costs that Plaintiff seeks are "reasonable." 42 U.S.C. § 12205. *Miller*, 2014 U.S. Dist. LEXIS 40516, at *4. "[A] prevailing party under the ADA is entitled to 'an award of fees for all time reasonably expended in pursuit of the ultimate result achieved.'" *Shott v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 338 F.3d 736, 739 (7th Cir. 2003) (quoting *Jaffee v. Redmond*, 142 F.3d 409, 412 (7th Cir. 1998)). To determine the appropriate amount of fees, courts typically use the "lodestar method," which is "the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate." *Rodesky v. Pfister*, No. 15-cv-1002-JEH, 2023 U.S. Dist. LEXIS 50007, at *4 (C.D. Ill. Feb. 21, 2023) (quoting *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014)). The lodestar method is

used "even in cases where the attorney represents the prevailing party pursuant to a contingent fee agreement," *Pickett v. Sheridan Health Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)), as is the case here, ECF No. 14-1 at 1. "Although the lodestar yields a presumptively reasonable fee, . . . the court may nevertheless adjust the fee based on factors not included in the computation . . . ." *Montanez*, 755 F.3d at 553 (citing *Pickett*, 664 F.3d at 639 and *Hensley*, 461 U.S. at 434). Such factors may include "the experience, reputation, and ability of the attorneys" and "the preclusion of employment by the attorney due to acceptance of the case." *Hensley*, 461 U.S. at 430 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

The Court will begin with the "reasonable hourly rate" portion of the analysis. "A reasonably hourly rate is based on the local market rate for the attorney's services." *Montanez*, 755 F.3d at 553 (citing *Pickett*, 664 F.3d at 640). "The best evidence of the market rate is the amount the attorney actually bills for similar work . . . ." *Id.* (citing *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012)); *see also People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) ("The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." (quoting *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993))).

Plaintiff's counsel here attests to "a reduced hourly rate of $750" for partners. ECF No. 15 at 8. Counsel represents that she has "substantial experience in ADA litigation" and that her approved rate as a partner is $800 per hour but that she voluntarily reduced it to $750 in this case. ECF No. 14-1 at 2, 5 ("[O]ur firm billed $750 per hour for partners in this case . . . ."). She avers that $750 per hour is "lower than the regular current rates charged for [her firm's] services" and that her firm's request for an hourly

Page 3 of 8
Case 2:23-cv-01215-JPS   Filed 06/03/24   Page 3 of 8   Document 16

$750 rate was recently approved in an ADA case in this District, although the Court notes that the court there did not actually perform a reasonable fee analysis (or at least, not at the docket entry that Plaintiff cites). *Id.* at 2 (citing *Walden v. EYM Grp. Inc., et al.*, 2:21-CV-1116-PP, ECF No. 31 (Jan. 9, 2023)).

The Court will find that Plaintiff's sought $750 per hour for partner work is reasonable; Plaintiff's counsel represents that it is what the firm billed in this case, and, moreover, Defendant has not appeared to challenge the reasonableness of that rate. "Once an attorney provides evidence of his billing rate, the burden is upon the defendant to present evidence establishing 'a good reason why a lower rate is essential.'" *People Who Care*, 90 F.3d at 1313 (quoting *Gusman*, 986 F.2d at 1151). "A defendant's failure to do so is essentially a concession that the attorney's billing rate is reasonable and should be awarded." *Id.* Because the Court has been able "to determine the attorney's true billing rate," and since Defendant has forfeited the opportunity to oppose it, the Court need not "look to the next best evidence—the rate charged by lawyers in the community of 'reasonably comparable skill, experience, and reputation.'" *Id.* at 1310 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.1 (1984)).

Plaintiff also seeks to recover $300 per hour for paralegal work in the case. ECF No. 14-1 at 3. Unlike the partner rate, it is not entirely clear if this $300 rate is what the firm actually bills for paralegal work, and Plaintiff does not elaborate on the justification for the $300 hourly paralegal rate; for example, she does not allege that this is a rate commonly deemed reasonable and awarded in similar cases for paralegal work. "The party seeking a fee award bears the burden of establishing the market rate for the work; if the lawyers fail to carry that burden, the district court can

Page 4 of 8
Case 2:23-cv-01215-JPS    Filed 06/03/24    Page 4 of 8    Document 16

independently determine the appropriate rate." *Montanez*, 755 F.3d at 553 (citing *Johnson*, 668 F.3d at 933).

Notwithstanding Defendant's failure to challenge that asserted rate, the Court cannot independently deem the sought paralegal rate reasonable. Courts in this Circuit more commonly approve an hourly rate for paralegals in the ballpark of $100. *Doe v. Macleod*, No. 18-CV-3191, 2024 U.S. Dist. LEXIS 56288, at *21 (C.D. Ill. Mar. 28, 2024) (collecting cases) ("Plaintiff does not point out particular specialized training or experience . . . to warrant a higher rate. As a result, . . . $100 per hour is reasonable for paralegals . . . ."); *Rodesky v. Pfister*, No. 15-CV-1002-JEH, 2023 U.S. Dist. LEXIS 50007 (C.D. Ill. Feb. 21, 2023) (collecting cases) ("Plaintiff requests $125 per hour for the paralegals. However, in the Central District of Illinois, paralegals were recently awarded an hourly rate of $100 . . . . Plaintiff did not submit supporting affidavits to demonstrate that his paralegals possessed specialized training or experience warranting a higher rate."); *Williams v. City of Chicago*, No. 17-C-5186, 2022 U.S. Dist. LEXIS 59942, at *17 (N.D. Ill. Mar. 31, 2022) (awarding $100 hourly paralegal rate but acknowledging that another court in the district had approved hourly paralegal rates of $125 and $150 (citing *Fields v. City of Chicago*, No. 10-CV-1168 (N.D. Ill. Jan. 1, 2018))).

Nevertheless, the Court believes that the hourly paralegal rate in this case should exceed that $100 benchmark because the paralegals regularly performed legal research and drafting akin to that performed by attorneys. *See Six Star Holdings, LLC v. City of Milwaukee*, No. 10-C-0893, 2015 U.S. Dist. LEXIS 135452, at *14–15 (E.D. Wis. Oct. 5, 2015) ("But Crandall's work went beyond that of a paralegal. . . . [S]he performed legal research and writing . . . . These are not tasks normally assigned to a paralegal."). In light of all the

foregoing, the Court concludes that $175 per hour is a reasonable hourly rate for the paralegal work performed in this case.

Having settled the matter of reasonable hourly rates, the Court turns to the matter of "the hours reasonably expended." *Johnson*, 668 F.3d at 929 (citing *Pickett*, 664 F.3d at 639). "[I]n determining the number of hours 'reasonably expended' . . . in the litigation, the court should ensure that counsel exercises 'billing judgment'"—*i.e.*, should disallow recovery of fees for time spent on essentially administrative or clerical tasks. *Spegon v. Catholic Bishop*, 175 F.3d 544, 553 (7th Cir. 1999). Similarly, the Court should not authorize recovery of fees for "hours that are 'excessive, redundant, or otherwise unnecessary.'" *Johnson*, 668 F.3d at 931 (quoting *Hensley*, 461 U.S. at 434 and citing *Spegon*, 175 F.3d at 552).

The time log in support of the fee petition demonstrates a reasonable expense of hours. ECF No. 14-1 at 3–5. A partner logged a total of 29.3 hours in this matter as follows: 2.5 hours investigating the claims and communicating with Plaintiff and an expert; 3.5 hours drafting the complaint; 1.2 hours revising and editing the complaint; 1 hour communicating with Plaintiff and co-counsel regarding the complaint; 1.1 hours reviewing the docket in preparation for the request for entry of default against Defendant and drafting said request; 0.4 hours communicating with co-counsel regarding default; 0.8 hours preparing the notice of motion for default judgment; 1.4 hours preparing the affidavit in support of the motion for default judgment; 4.0 hours performing legal research for the default judgment motion; 9.7 hours drafting the motion for default judgment; 2.8 hours preparing revisions and edits to the motion for default judgment; and 0.9 hours reviewing the Court's order granting default judgment and permanent injunctive relief to ensure Plaintiff's

compliance therewith. *Id.* The partner notes that her "work on this matter has precluded [her] from taking on more hourly work due to Defendant's nonparticipation in the case." *Id.* at 2.

Additionally, paralegals logged a total of 4.1 hours in this matter as follows: 0.7 hours assisting with pre-litigation matters including conferencing with Plaintiff, investigating claims, and drafting the complaint; 1.0 hour editing the complaint, preparing the summons and civil cover sheet, and researching Defendant's address for purposes of service; 0.2 hours preparing a notice of appearance; 0.2 hours conferencing with United Process Services regarding service on Defendant; 0.5 hours finalizing edits to the request for entry of default and supporting declaration; and 1.5 hours assisting with edits to the motion for default judgment and supporting documents. *Id.* Plaintiff's counsel also avers that she removed from the accounting of hours "all time spent on drafting, editing, and finalizing" the fee petition and supporting documents. *Id.* at 3.

Nothing in these time logs strikes the Court as unnecessary, unreasonable, or otherwise concerning. Accordingly, and in light of the lack of opposition, the court makes no reduction to the number of hours for which Plaintiff's counsel seeks to recover fees. Plaintiff is therefore entitled to recover in attorney's fees 4.1 hours of paralegal time at $175 per hour, equaling **$717.50**, and 29.3 hours of partner time at $750 per hour, equaling **$21,975**, for a grand total of **$22,692.50**. The Court makes no further adjustment to the lodestar.

Plaintiff also avers that the firm incurred costs in the amount of $697 related to filing and service. ECF No. 14-1 at 3. "Costs are presumptively awarded to the prevailing party under Federal Rule of Civil Procedure 54(d)," *Animal Legal Def. Fund v. Special Memories Zoo*, 42 F.4th 700, 707 (7th

Cir. 2022) (citing Fed. R. Civ. P. 549d)), and moreover are expressly authorized by the ADA, § 12205. Plaintiff may therefore recover $697 in costs.

3. CONCLUSION

For the reasons discussed herein, the Court concludes that Plaintiff is entitled to recover in attorney's fees 4.1 hours of paralegal time at $175 per hour, equaling $717.50, and 29.3 hours of partner time at $750 per hour, equaling $21,975, for a grand total of **$22,692.50**. She is also entitled to recover her reasonable costs in the amount of $697.

Accordingly,

**IT IS ORDERED** that Plaintiff Melissa McCabe's motion for attorney's fees, ECF No. 14, be and the same is hereby **GRANTED in part**; Plaintiff Melissa McCabe is entitled to recover from Defendant Heid Music Company, Inc., attorney's fees in the total amount of $22,692.50 as stated herein, and costs in the amount of $697; and

**IT IS FURTHER ORDERED** that Defendant Heid Music Company, Inc., shall pay to Plaintiff Melissa McCabe attorney's fees in the amount of $22,692.50 as stated herein and costs in the amount of $697.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge